**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NASSER RAZMYAR<br>1741 T Street, NW<br>#104<br>Washington, DC 20009<br><br> Plaintiff.<br><br>  v.<br><br>THE BOMBAY CLUB, INC.<br>631 D Street NW, #127<br>Washington, DC 20004<br><br> Serve: PRENTICE-HALL CORP. SYS., INC.<br>    1090 Vermont Ave NW<br>    Washington, DC 20005<br><br>KNIGHTSBRIDGE MANAGEMENT, INC.<br>631 D Street NW, #127<br>Washington, DC 20004<br><br> Serve: Ashok Bajaj<br>    631 D Street NW, #127<br>    Washington, DC 20004<br><br>JOHN DOES 1-10 (*being the fictitious names of persons who are not presently known to Plaintiff*),<br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CLASS ACTION AND COLLECTIVE ACTION COMPLAINT
FOR UNPAID WAGES AND JURY DEMAND**

Plaintiff Nasser Razmyar, by his attorney, alleges for his Complaint herein:

**PRELIMINARY STATEMENT**

1. This is a wage theft case.  Plaintiff Nasser Razmyar was employed as a waiter at the Bombay Club between July 2013 and April 2015.  Despite routinely working overtime

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

during that period, Defendants failed to pay Mr. Razmyar for his overtime as required by the Fair Labor Standards Act and the D.C. Minimum Wage Act Revision Act. Instead, the pay stubs received by Mr. Razmyar inaccurately indicated he only worked forty (40) hours per week. In addition, Defendants improperly deducted fees from its servers' wages, including Mr. Razmyar's wages, to pay for a software system implemented to track the servers' gratuities. Finally, Defendants unlawfully required the servers at its restaurants to "pay back" four percent (4%) of the total customer check to management out of the tip that the servers received when serving tables of twelve (12) customers or more.

2. Plaintiff brings this action on behalf of himself and all similarly situated individuals for damages resulting from Defendants' willful failure to pay Plaintiff his wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301, *et seq*. Plaintiff brings his FLSA and DCMWA claims as "collective actions," and his DCWPCL claim as a class action under Rule 23 of the Federal Rules of Civil Procedure.

Plaintiff, through undersigned counsel hereby alleges the following:

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). In addition, this Court has jurisdiction over the claims brought under the laws of the District of Columbia pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to the provisions of 28 U.S.C. § 1391(b)(2) as the acts and/or omissions alleged in this Complaint occurred in the District of Columbia. Moreover, the Defendants are found in, reside, or transact business in the District of

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

Columbia.

**PARTIES AND RELEVANT PERSONS**

5. Plaintiff Nasser Razmyar is an individual residing in the District of Columbia. Mr. Razmyar was employed by Defendants from July 2013 through April 2015. At all times relevant, Mr. Razmyar and all others similarly situated were employees as defined by 29 U.S.C. § 203(e), D.C. Code § 32-1002(2), and D.C. Code § 32-1301(2).

6. Defendant Bombay Club, Inc. is a for profit corporation formed and organized under the laws of the District of Columbia with its principal place of business located at 631 D Street NW, #127, Washington, DC 20004. Defendant Bombay Club, Inc. is regularly engaged in interstate commerce and conducts substantial business activities in the District of Columbia by operating a premier restaurant located at 815 Connecticut Ave NW, Washington, DC 20006. At all times relevant herein, Defendant Bombay Club was an employer as defined by 29 U.S.C. § 203(d), D.C. Code § 32-1002(3), and D.C. Code § 32-1301(1).

7. Knightsbridge Management, Inc. is a for profit corporation formed and organized under the laws of the District of Columbia with its principal place of business located at 631 D Street NW, #127, Washington, DC 20004. Defendant Knightsbridge Management, Inc. is regularly engaged in interstate commerce and conducts substantial business activities in the District of Columbia by overseeing "the operations for [Ashok Bajaj's] collection of award-winning restaurants, which includes The Bombay Club, 701 Restaurant, The Oval Room, Ardeo+Bardeo, Rasika, Bibiana Osteria-Enoteca, Rasika West End, and nopa Kitchen+Bar."[1] Defendant Knightsbridge Management, Inc. is, upon information and belief,

---

[1] The Bombay Club, 701 Restaurant, The Oval Room, Ardeo+Bardeo, Rasika, Bibiana Osteria-Enoteca, Rasika West End, and nopa Kitchen+Bar will collectively be referred to as "Knightsbridge Restaurants."

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

- 3 -

responsible for the employment policies of the Knightsbridge Restaurants, and for the payroll administration of the Knightsbridge Restaurants. Upon information and belief, the Knightsbridge Restaurants failed to pay its employees overtime wages and the minimum wage. Accordingly, tipped employees of all of the Knightsbridge Restaurants are similarly situated to the Plaintiff. Defendant Knightsbridge Management Inc. is, upon information and belief, the parent company and/or joint venture of each of the Knightsbridge Restaurants. At all times relevant herein, Defendant Knightsbridge Management, Inc. was an employer as defined by 29 U.S.C. § 203(d), D.C. Code § 32-1002(3), and D.C. Code § 32-1301(1).

8. Upon information and belief, Defendants ABC Corporations 1-10 are fictitious entities whose names are not presently known to Plaintiff that may be alter egos of Defendants or have caused damage to Mr. Razmyar.

9. Under the law in the District of Columbia, Defendants in this matter are jointly and severally liable to Plaintiffs for the harms and losses sustained by Plaintiff.

**FACTS COMMON TO ALL COUNTS**

10. On or about July 23, 2013, Plaintiff Nasser Razmyar was hired by Defendant Bombay Club Inc. ("Bombay Club") as a server. Mr. Razmyar was employed by Bombay Club as a server until approximately April 10, 2015.

11. Defendant Bombay Club operates a premier restaurant in Washington, D.C. Bombay Club describes itself as having "served the 'who's who' including Former President Clinton, Former President George H. W. Bush, President Nelson Mandela, Former Secretary of State Condoleezza Rice, Former Secretary of State Madeline Albright, Former Vice President Richard Cheney, Alan Greenspan, Indian ambassadors, author and Dr. Deepak Chopra (pioneer of alternative medicine), among other world renowned leaders."

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

- 4 -

12. At all times relevant, Bombay Club paid Mr. Razmyar $2.77 per hour worked as a server ("Hourly Wages"). In addition to the Hourly Wages, Mr. Razmyar received tips from the customers at Bombay Club ("Tipped Wages").

**Unpaid Overtime**

13. Since beginning employment with Bombay Club, Mr. Razmyar regularly worked more than forty hours per week for Defendants ("Overtime Hours").

14. At all times relevant, Bombay Club paid Mr. Razmyar once every two weeks with a check accompanied by a paystub.

15. Despite working in excess of forty hours per week, the paystubs produced by Defendants indicated that Mr. Razmyar only worked forty (40) hours per week. In fact, the paystubs directly contradicted the Bombay Club's timesheets which showed Mr. Razmyar to have worked in excess of forty hours per week. For example, and without limitation:

(a) The week of January 17, 2015 through January 23, 2015, Mr. Razmyar worked 58.79 hours. Similarly, the week of January 24, 2015 through January 30, 2015, Mr. Razmyar worked 49.92 hours. Notwithstanding the fact that Mr. Razmyar worked 108.71 hours during that two week period, the paystubs produced by Defendant only indicate that Mr. Razmyar worked eighty (80) hours during the same two week period. Plaintiff's timesheets and pay stub during this period are attached hereto as Exhibit 1.

(b) The week of February 14, 2015 through February 20, 2015, Mr. Razmyar worked 40 hours and 18 minutes. Similarly, the week of February 21, 2015 through February 27, 2015, Mr. Razmyar worked 51 hours and 36 minutes. Notwithstanding the fact that Mr. Razmyar worked 91 hours and 54 minutes

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

during that two week period, the paystubs produced by Defendant only indicate that Mr. Razmyar worked eighty (80) hours during the same two week period.

16. Defendants had knowledge that Mr. Razmyar, and similarly situated employees, worked Overtime Hours on a weekly basis.

17. Despite working Overtime Hours nearly every week while employed by Defendants, Defendants never paid Mr. Razmyar any compensation for his Overtime Hours.

18. Even more egregious, on May 20, 2015, Bombay Club explicitly admitted in a letter that it failed to pay Mr. Razmyar overtime wages during his employment with Bombay Club. Bombay Club offered to pay Mr. Razmyar **part** of the wages owed to him, but only on the express condition that he waived his rights to payment in full "for any back wages and overtime due under the Fair Labor Standards Act and the applicable District of Columbia statute pertaining to unpaid wages, and [acceptance of the partial payment] shall constitute a wavier by [him] of any right [he] may have under these statutes for unpaid overtime wages, statutory penalties, and an additional amount as liquidated damages equal to treble the amount of unpaid wages."

19. In other words, Bombay Club acknowledged that it owed wages to Mr. Razmyar, but withheld the payment of those wages to Mr. Razmyar unless he agreed to accept less than full payment of the wages owed to him and only if he waived all damages owed to him under U.S. and District of Columbia law. Such an underhanded tactic, is not only unenforceable but is a blatant attempt to usurp workers, such as Mr. Razmyar, of their hard earned wages.

20. Importantly, Bombay Club failed not only to pay Mr. Razmyar wages equal to one and one-half his regular rate for Overtime Hours worked as required by the laws of the

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

United States and the District of Columbia, but it also failed to pay Mr. Razmyar any wages for his Overtime Hours

**Service Fee Subtracted from Tipped Wages**

21. In addition, out of Mr. Razmyar's Tipped Wages, Bombay Club subtracted $0.76 for each day Mr. Razmyar worked as a tipped employee ("Administrative Fee"). The Administrative Fee was charged to Mr. Razmyar, and all other similarly situated employees, to pay for Bombay Club's tip tracking software program—Gratuity Solutions.

22. Gratuity Solutions confirmed in an email that "tipped employees" at Bombay Club, such as Mr. Razmyar, were charged "$0.76 for each day that [the tipped employee] worked as [a] tipped employee."

23. The Administrative Fee was automatically deducted from the Tipped Wages of all servers employed by Defendants, such as Mr. Razmyar, in violation of 29 U.S.C. § 203(m) which requires that a tipped employee retain all tips received by the employee.

24. As a result of the Administrative Fee deducted from the tipped wages of all employees of Defendants, Defendants failed to pay Mr. Razmyar, and all similarly situated tipped employees, the minimum wage established by the laws of the United States and the District of Columbia.

25. Upon information and belief, the Administrative Fee was charged to each tipped employee of the Knightsbridge Restaurants.

**Mandatory Tip Pooling with Management**

26. At all times relevant, Mr. Razmyar, employed as a server, received tips from the customers at Bombay Club.

27. Pursuant to Bombay Club's policy, a party over twelve (12) customers at

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

Bombay Club was required to pay a twenty percent (20%) gratuity to the server.

28.   Unbeknownst to Bombay Club's customers, the server did not actually receive the full gratuity. Instead, the server was required by Defendants' policy to pay back to Defendants' managers four percent (4%) of the total check paid by the customer ("Mandatory Tip Pooling with Management"). For example, if a table of twelve (12) customers received a $1,000.00 bill, then Bombay Club would automatically charge the customers a twenty percent (20%) gratuity for the server. Out of the $200.00 gratuity received by the server (20% of $1,000), the tipped server would be required to pay back to Defendants' managers $40.00 (4% of $1,000). Accordingly, Defendants' tipped employees were required to pay to management approximately twenty percent (20%) of their tips for any table of twelve customers or more.

29.   Upon information and belief, the Mandatory Tip Pooling with Management policy was implemented in each of the Knightsbridge Restaurants.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA AND DCMA**

30.   This action is maintainable as an "opt-in" collective action pursuant to FLSA, 29 U.S.C. § 216(b) and the DCMWA, D.C. Code § 32-1012.

31.   Plaintiff brings these FLSA and DCMWA claims on behalf of himself individually, and on behalf of all past and present non-exempt employees of the Knightsbridge restaurants who (1) have not been paid one and one-half their regular rate of pay for those hours worked in excess of forty hours in any one workweek, and/or (2) have not been paid the minimum minimum wage.

32.   On information and belief, there are more than 50 past and present non-exempt employees of the Knightsbridge restaurants who are similarly situated to Plaintiff in that they were not paid the minimum wage and/or were not properly paid for overtime hours worked.

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

33. Pursuant to 29 U.S.C. § 216(b), Plaintiff consented in writing to be the plaintiff in this action. Mr. Razmyar's consent form is attached as Exhibit 2 to this Complaint.

## CLASS ACTION ALLEGATIONS UNDER THE DCWPCL

34. Plaintiff seeks to bring this case on behalf of himself and all other employees of the Knightsbridge Restaurants who were employed by the Knightsbridge Restaurants. Accordingly, this case is maintainable as an "opt-out" class action pursuant to D.C. Code § 32-1308 and Fed. R. Civ. P. 23.

35. The class shall be defined as past and present employees of the Knightsbridge Restaurants, and shall be composed of the following two subclasses:

(i) Past and present employees of the Knightsbridge Restaurants who were not paid all wages earned (including overtime wages) at least twice during each calendar month on regular paydays; and,

(ii) Past and present employees of the Knightsbridge Restaurants who were not paid all wages earned (including overtime wages) within 7 days after resignation or termination.

36. The proposed class is so numerous that joinder of all members is impractical. On information and belief, there are at least fifty past and/or present employees of the Knightsbridge restaurants who were not properly paid wages as required by D.C. Code §§ 32-1302—32-1303.

37. There are common questions of law and fact common to the class, because Defendants have failed to pay its employees their earned wages in violation of the Fair Labor Standards Act, D.C. Minimum Wage Act Revision Act, and D.C. Wage Payment and Collection Law.

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

- 9 -

38. Defendants' failure to properly and fully compensate employees of the Knightsbridge Restaurants was common as to all employees, because the Knightsbridge Restaurants failed to pay their employees overtime as required by law. Accordingly, the wage theft against Mr. Razmyar is typical, and representative, of the wage theft suffered by the employees of the Knightsbridge Restaurants.

39. Mr. Razmyar can, and will, adequately represent the interests of the class because Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the class he seeks to represent. Plaintiff has no interests that conflict with or antagonistic to the interests of the entire class. Plaintiff has retained Brendan Klaproth of Klaproth Law PLLC who is competent to represent the Class and will vigorously prosecute this litigation.

40. A class action is superior to any other available method for the fair and efficient adjudication of the controversy because:

    a. Common questions of law and fact predominate over any individual questions that may arise, because all claims involve the Knightsbridge Restaurants' failure to pay its employees their full compensation in violation of the DCWPCL.

    b. No member of the Class has a substantial interest in individually controlling the prosecution of a separate action.

    c. Upon information and belief, there are no pending lawsuits concerning this controversy.

    d. It is desirable to concentrate the litigation of these claims in this forum since the acts complained of took place in the District of Columbia and this forum is convenient to the parties, the class members, and potential witnesses. The resolution of the claims of all class members in a single forum, and in a single proceeding, would be fair and efficient means of resolving the issues raised in this litigation.

    e. The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class, and adjudications with

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

- 10 -

    respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not party to the adjudications or substantially impair or impede their ability to protect their interests.

  f.  This class is specifically identifiable to facilitate provision of adequate notice and there will be no significant problems managing this case as a class action.

  g.  Resolution of class members' claims in this single class action is superior to resolution of this controversy through the filing of a host of individual actions as a matter of efficiency, consistency and in that it removes economic and other barriers to class members pursuing their claims. Absent this class action, class members will not likely obtain redress of their injuries and Defendants would retain the proceeds of their violations of the laws of the District of Columbia.

### COUNT I
### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq*

41.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

42.    Plaintiff, and other similarly situated past and present employees of Defendants, are "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1). Similarly, Plaintiffs, and other similarly situated past and present employees of Defendants, are "non-exempt" employees within the meaning of the FLSA, 29 U.S.C. § 213.

43.    Defendants are "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

44.    Pursuant to 29 U.S.C. § 207(a)(1), employers must pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty (40) hours in any one work week.

45.    Defendants knowingly and willingly failed to pay Plaintiff, and other similarly situated past and present employees of the Knightsbridge Restaurants, one and one-half times

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

their regular hourly rate for hours worked in excess of forty hours per work week.

46. Defendants further knowingly and willing violated the FLSA by failing to pay Plaintiff, and other similarly situated past and present employees of the Knightsbridge Restaurants, any wages for hours worked in excess of forty hours per work week.

47. WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendants, jointly and severally, by awarding Plaintiff, and other similarly situated past and present employees of the Knightsbridge Restaurants: compensatory damages, including unpaid overtime compensation; liquidated damages equal to the amount of unpaid overtime wages; damages; equitable relief; reasonable attorney's fees and expenses; court costs; and any other relief the Court deems proper.

**COUNT II**
**FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF**
**THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201** *et seq*

48. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

49. Defendants subtracted $0.76 for each day that Mr. Razmyar worked as a tipped employee. This Administrative Fee was automatically deducted from the Tipped Wages of Mr. Razmyar, and all other similarly situated employees, to pay for Bombay Club's tip tracking software program.

50. Defendants' taking of their employees' tips is a violation of the tip credit permitted by 29 U.S.C. § 203(m).

51. In addition, Defendants' mandated that tipped employees pool approximately twenty percent (20%) of their tips with management for any table of 12 customers or more. This Mandatory Tip Pooling with Management is also a violation of the tip credit permitted by

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

29 U.S.C. § 203(m), which requires that a tipped employee retain all tips received by the employee

52. Because Defendants' deducted the Administrative Fee from its employees tips and required the Mandatory Tip Pooling with Management, Defendants were/are not permitted to claim a tip credit for its tipped employees. Thus, Defendants failed to pay its employees a minimum wage of $7.25 in violation of 29 U.S.C. § 206(a)(1)(C).

53. As a result of the Administrative Fee deducted from the tipped wages of all employees of Defendants and the Mandatory Tip Pooling with Management, Defendants failed to pay Mr. Razmyar, and all similarly situated tipped employees, the minimum wage established by the laws of the United States.

54. WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendants awarding compensatory damages, including unpaid minimum wages; liquidated damages equal to the amount of unpaid minimum wages; punitive damages; equitable relief; reasonable attorney's fees and expenses; court costs; and any other relief the Court deems proper.

**COUNT III**
**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF**
**THE D.C. MINIMUM WAGE ACT, D.C. CODE § 32-1000** *et seq*

55. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

56. Plaintiff, and other similarly situated past and present employees of Defendants, are "employees" within the meaning of the D.C. Code § 32-1002(2). Similarly, Defendants are "employers" of the within the meaning of the D.C. Code § 32-1002(3).

57. Pursuant to D.C. Code § 32-1003(c) employers must pay employees one and

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

one-half times their regular hourly rate for hours worked in excess of forty (40) hours in any one work week.

58. Defendants knowingly and willingly failed to pay Plaintiff, and other similarly situated past and present employees of the Knightsbridge Restaurants, one and one-half times their regular hourly rate for hours worked in excess of forty hours per work week.

59. Defendants further knowingly and willing violated the DCMWA by failing to pay Plaintiff, and other similarly situated past and present employees of the Knightsbridge Restaurants, any wages for hours worked in excess of forty hours per work week.

60. WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendants, jointly and severally, by awarding Plaintiff, and other similarly situated past and present employees of the Knightsbridge Restaurants: compensatory damages, including unpaid overtime compensation; liquidated damages equal to the amount of unpaid overtime wages; damages; equitable relief; reasonable attorney's fees and expenses; court costs; and any other relief the Court deems proper.

**COUNT IV**
**FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF**
**THE D.C. MINIMUM WAGE ACT, D.C. CODE § 32-1000** *et seq*

61. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

62. Defendants subtracted $0.76 for each day that Mr. Razmyar worked as a tipped employee. This Administrative Fee was automatically deducted from the Tipped Wages of Mr. Razmyar, and all other similarly situated employees, to pay for Bombay Club's tip tracking software program.

63. Defendants' taking of their employees' tips is a violation of the tip credit

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

permitted by D.C. Code § 32-1003(f)-(g).

64. In addition, Defendants' mandated that tipped employees pool approximately twenty percent (20%) of their tips with management for any table of 12 customers or more. This Mandatory Tip Pooling with Management is also a violation of the tip credit permitted by D.C. Code § 32-1003(f)-(g), which requires that a tipped employee retain all tips received by the employee

65. Because Defendants' deducted the Administrative Fee from its employees tips and required the Mandatory Tip Pooling with Management, Defendants were/are not permitted to claim a tip credit for its tipped employees. Thus, Defendants failed to pay its employees a minimum wage of $9.50 in violation of D.C. Code § 32-1003(a).

66. As a result of the Administrative Fee deducted from the tipped wages of all employees of Defendants and the Mandatory Tip Pooling with Management, Defendants failed to pay Mr. Razmyar, and all similarly situated tipped employees, the minimum wage established by the laws of the District of Columbia.

67. Defendants have further violated D.C. Code § 32-1008(a) by failing to maintain a record of the precise time worked each day and each workweek for Mr. Razmyar, and similarly situated employees, for a period of not less than three years.

68. WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendants awarding compensatory damages, including unpaid overtime compensation; liquidated damages equal to the amount of unpaid overtime; compensatory damages; equitable relief; reasonable attorney's fees and expenses; court costs; and any other relief the Court deems proper.

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

## COUNT V
## FAILURE TO PAY WAGES UPON DISCHARGE IN VIOLATION OF
## D.C. WAGE PAYMENT AND COLLECTION LAW, D.C. CODE § 32-1303

69. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

70. Mr. Razmyar resigned from his employment with the Defendants on or about April 10, 2015. Defendants, however, willfully failed to pay Mr. Razmyar all wages owed to him within 7 days from the date of resigning in violation of D.C. Code § 32-1303(2).

71. Specifically, Defendants owe Mr. Razmyar one and one-half times his regular rate for Overtime Hours, and minimum wages owed to Mr. Razmyar as a result of tip pooling and the Administrative Fee. These damages suffered by Mr. Razmyar are typical and representative of the damages suffered by all tipped employees of the Knightsbridge Restaurants who have been discharged and/or have resigned.

72. Pursuant to D.C. Code § 32-1303(4) Mr. Razmyar is entitled to liquidated damages in the amount of 10% of the unpaid wages per working day after the day that wages were due or an amount equal to treble the unpaid wages, whichever is smaller.

73. Under D.C. Code § 32-1308, Plaintiff is entitled to costs of this action, including reasonable attorney fees. Costs shall also include expert witness fees, depositions fees, witness fees, juror fees, filing fees, certification fees, the costs of collecting and presenting evidence, and any other costs incurred in connection with obtaining, preserving, or enforcing the judgment.

74. WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendants awarding (1) compensatory damages in the amount of unpaid wages; (2) liquidated damages in the amount of treble unpaid wages; (3) costs and attorney's fees; (4) punitive

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

- 16 -

damages and (5) any other relief the Court deems proper.

## COUNT VI
### FAILURE TO PAY WAGES IN VIOLATION OF
### D.C. WAGE PAYMENT AND COLLECTION LAW, D.C. CODE § 32-1302

75. Plaintiff realleges and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

76. Under D.C. Code § 32-1302, "[e]very employer shall pay all wages earned to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer." Wages that must be paid at least twice a month on regular paydays, includes overtime wages.

77. Defendants violated D.C. Code § 32-1302 by failing to pay Mr. Razmyar all of his earned wages, including wages for his Overtime Hours, at least during twice during each calendar month. These damages suffered by Mr. Razmyar are typical and representative of the damages suffered by all tipped employees of the Knightsbridge Restaurants who were not paid overtime wages.

78. WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendants awarding (1) compensatory damages in the amount of unpaid wages; (2) liquidated damages in the amount of unpaid wages; (3) equitable relief; (4) costs and attorney's fees; (5) punitive damages and (6) any other relief the Court deems proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendants awarding punitive damages and any other relief the Court deems proper and just. Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendants as follows:

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

(a) Awarding actual compensatory damages for Defendants' statutory violations of the Fair Labor Standards Act, the D.C. Minimum Wage Act Revision Act, and the D.C. Wage Payment and Collection Law;

(b) Awarding liquidated damages in the amount of treble unpaid wages pursuant to D.C. Code § 32-1308 and/or D.C. Code § 32-1012;

(c) Awarding liquidated damages in the amount of unpaid wages pursuant to 29 U.S.C. § 216(b);

(d) Awarding punitive damages for Defendants' retaliatory conduct against Plaintiff;

(e) Awarding equitable relief, including but not limited to, requiring Defendants to pay all of its employees overtime compensation and minimum wage as required by the laws of the District of Columbia; and,

(e) Awarding additional relief as may be necessary.

## JURY AND TRIAL DEMAND

Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

  /s/ Brendan Klaproth  
Brendan Klaproth (D.C. Bar No. 999360)
Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001
Telephone: 202-618-2344
Email: Bklaproth@klaprothlaw.com
*Attorney for Plaintiff*

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

- 18 -