## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NASSER RAZMYAR, individually and on
behalf of others similarly situated,

        Plaintiff.

        v.

BOMBAY CLUB, INC et al.,

        Defendants.

Civil Action No.:  1:15-cv-807-ABJ

---

## STATEMENT OF POINTS AND AUTHORITY IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEY'S FEES, AND APPROVAL OF AN INCENTIVE AWARD FOR PLAINTIFF

Respectfully Submitted by:

Brendan J. Klaproth (D.C. Bar No. 999360)
Klaproth Law PLLC
406 5th Street NW, Suite 350
Washington, DC 20001
Tel:  (202) 618-2344
Fax:  (202) 618-4636
Email: bklaproth@klaprothlaw.com
Attorney for Plaintiff

# TABLE OF CONTENTS

I.    INTRODUCTION ....................................................................................1

II.   BACKGROUND .....................................................................................2

    A.   THE NATURE OF THE LAWSUIT AND RELEVANT PROCEDURAL HISTORY .................2
    B.   THE SETTLEMENT ...............................................................................3
    C.   PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT ..................................4

III.  SUMMARY OF SETTLEMENT AGREEMENT AND RESPONSE
    BY CLASS .............................................................................................5

    A.   THE PROPOSED SETTLEMENT CLASS ........................................................5
    B.   THE SETTLEMENT AMOUNT ..................................................................5
    C.   DISMISSAL AND RELEASE OF CLAIMS ......................................................8
    D.   SETTLEMENT CHECKS .........................................................................8
    E.   CLASS NOTICES AND COMMUNICATIONS WITH THE SETTLEMENT CLASS ...............9
        1. Collective Action Opt-In Forms ..........................................................9
        2. Objections and Exclusions .................................................................9

IV.   ARGUMENT .......................................................................................10

    A.   THE COURT SHOULD CERTIFY THE PROPOSED RULE 23 SETTLEMENT CLASS ........10
        1. Rule 23(a) Requirements are Satisfied ................................................10
        2. The Rule 23 Settlement Satisfies Rule 23(b)(3) .....................................16
    B.   THE COURT SHOULD CERTIFY THE PROPOSED COLLECTIVE ACTION FOR
        SETTLEMENT PURPOSES ......................................................................18
    C.   FINAL APPROVAL OF THE SETTLEMENT AGREEMENT IS WARRANTED
        UNDER RULE 23(E) ...........................................................................19
        1. The Settlement was Negotiated at Arm's Length ...............................20
        2. The Settlement Terms Are Fair in Relation to the Strength of Plaintiff's
        Case ...........................................................................................21
        3. Settlement Is Appropriate at this Stage of the Litigation..............................22
        4. The Class Reacted Positively to the Settlement ................................22
        5. The Opinion of Experienced Counsel................................................23
    D.   CLASS COUNSEL'S RECOVERY OF $40,600 IN ATTORNEY'S FEES SHOULD BE
        APPROVED UNDER RULE 23(H) .............................................................23
        1. The Attorney's Fee Request is Reasonable and Fair Relative to
        Class Counsel's Lodestar.................................................................24
        2. Experience of Class Counsel in Complex Litigation, The Risks Involved in
        the Litigation, and the Successful Outcome for the Class Warrant Approval
        of the Requested Attorney Fee .......................................................26
    E.   THE INCENTIVE AWARD TO THE NAMED PLAINTIFF SHOULD BE APPROVED .........27

V.    CONCLUSION ....................................................................................28

## I.      INTRODUCTION

Plaintiff Nasser Razmyar, on behalf of himself and all others similarly situated, hereby respectfully submits this Statement of Points and Authorities in support of his *Motion for Final Approval of Class Action Settlement, Award of Attorney's Fees, and Approval of Incentive Award for Plaintiff* ("Motion").  A copy of the Settlement Agreement with Defendants was previously filed at E.C.F. No. 14-2.  Plaintiff, with the consent of Defendants Bombay Club Inc. and Knightsbridge Management Inc. (collectively "Defendants"), requests that the Court enter a Final Approval Order that will:

(1) grant final approval of the proposed Settlement Agreement;

(2) certify, pursuant to the terms of the Settlement Agreement, the proposed settlement class under Fed. R. Civ. P. 23 ("Rule 23 Settlement Class");

(3) certify a collective action pursuant to 29 U.S.C. § 216(b) ("FLSA Collective Action");

(4) award attorney's fees to Class Counsel in the amount of forty-thousand six-hundred dollars ($40,600);

(5) award Plaintiff an incentive award of five-hundred dollars ($500.00);

(6) order Defendants to disburse settlement payments to the Rule 23 Settlement Class and FLSA Collective Action within thirty (30) days in accordance with the Settlement Agreement; and,

(7) dismiss this action with prejudice.

As set forth below, the proposed Settlement Agreement is the product of arm's length and intense negotiations facilitated by Magistrate Judge Kay. The Settlement satisfies all of the prerequisites for final approval and certification of the proposed Class for settlement purposes. The proposed Settlement is fair and reasonable, and has been administered in accordance with the Preliminary Approval Order, and is an excellent result for the Rule 23 Settlement Class and

FLSA Collective Action. For these reasons, and those fully articulated below, Plaintiffs respectfully request that the Court approve the Settlement and enter the Final Approval Order.

## II.     BACKGROUND

### A.  The Nature of the Lawsuit and Relevant Procedural History

On June 2, 2015, Plaintiff initiated this lawsuit by filing a collective action complaint asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301, *et seq.* Plaintiff brought his FLSA claims as a "collective action," and his DCWPCL claim as a class action under Rule 23 of the Federal Rules of Civil Procedure. *See* Complaint [E.C.F. No. 1]. Defendant Bombay Club, Inc. ("Bombay Club") is a restaurant in the District of Columbia, and Defendant Knightsbridge, Inc. ("Knightsbridge") is a holding company for eight restaurants in D.C., including the Bombay Club. Each of the eight restaurants is operated as an independent entity. Plaintiff was employed as a waiter at the Bombay Club. *Id.* at ¶ 5.

During his employment with Defendants as a waiter, Plaintiff was allegedly not paid overtime compensation despite routinely working over forty hours per week. *Id.* at ¶¶ 13-20. In addition to the unpaid overtime claims which formed the crux of this lawsuit, Plaintiff also alleged that Defendants violated the FLSA and DCMWA in two ways. First, Plaintiff claimed that Defendants charged him, as well as the other similarly situated servers, an "Administrative Fee" of "$.76 for each day [the tipped employee] worked as [a] tipped employee." *Id.* at ¶ 22. The Administrative Fee was automatically deducted from Plaintiff's tipped wages to pay for Bombay Club's tip tracking software—Gratuity Solutions. *Id.* at ¶ 21. As a result of the Administrative Fee that was automatically deducted from Plaintiff's tipped wages, Plaintiff

claimed that the tipped employees were paid amounts below the minimum wage law established by the laws of the District of Columbia.  *Id.* at ¶ 24.  Second, Plaintiff claimed that the management of Bombay Club improperly withheld twenty-percent (20%) of the waiters' tips for tables of twelve (12) customers or more, thereby violating the tip credit permitted by 29 U.S.C. § 203(m).

### B.  The Settlement

On June 26, 2015, the Parties filed a joint motion requesting the Court to stay the case and to refer the case to Magistrate Judge Kay for mediation.  *See* Joint Motion to Stay and Referral to Magistrate [E.C.F. No. 8].  On July 31, 2015, the Parties mediated the case before Magistrate Judge Kay.  Over the ensuing six-month period, the parties exchanged a significant amount of information and data, engaged in several follow-up in-person and telephonic meetings and had separate follow-up calls with Magistrate Judge Kay.  Specifically, Defendant provided payroll records and time sheets for the putative class members, and Plaintiff provided affidavits, payroll records and time sheets.  Based on the review of the payrolls records, time sheets, and affidavits, the Parties agreed to terms of the Settlement Agreement described more fully in Section III below.

On December 29, 2015, the Parties reported to the Court that the Parties reached a settlement in principle, which included a settlement of all opt-in Plaintiffs under the Collective Action, and a framework for payment to members of the Rule 23 Settlement Class.  *See* Jt. Mot. [E.C.F. No. 12].

On February 21, 2016, the Plaintiff filed his Unopposed Motion for Preliminary Approval of Class Action Settlement, Certifying Class for Settlement Purposes, Directing the Issuance of

Class Notice, and Scheduling Final Approval Hearing. *See* Motion for Preliminary Approval [E.C.F. No. 14].

### C.  Preliminary Approval of the Proposed Settlement

On February 26, 2016, the Court signed a Preliminary Approval Order finding that "[t]he Settlement is adequate, fair, and within the range of possible approval." Preliminary Approval Order at ¶ 2 [E.C.F. No. 15].  The Court certified for settlement purposes, the Rule 23 Settlement Class as:

> All non-exempt current and former persons who worked for Bombay Club as waitstaff and bartenders between June 2, 2012 and June 2, 2015, who were not paid overtime wages for hours in excess of 40 hours per workweek.

Preliminary Approval Order at ¶ 3[E.C.F. No. 15].  Similarly, the Court certified for settlement purposes, the FLSA Collective Action as:

> All non-exempt current and former persons who worked for Bombay Club as waitstaff and/or bartenders between June 2, 2012 to June 2, 2015, who were not paid overtime wages for hours in excess of 40 hours per workweek and opt-in to the collective action.

Preliminary Approval Order at ¶ 4 [E.C.F. No. 15].

In connection with the foregoing, the Court also appointed, for settlement purposes only, the law firm of Klaproth Law PLLC as Class Counsel. Preliminary Approval Order at ¶ 8 [E.C.F. No. 15].  In addition, the Court approved the Class Notices and scheduled a Final Approval Hearing for June 13, 2015 at 9:30 a.m.  Preliminary Approval Order at ¶¶ 9-11 [E.C.F. No. 15]; *see also* Order (May 2, 2016) (rescheduling Final Approval hearing from June 15, 2016 to June 13, 2016 at 9:30 a.m.).

III.    **SUMMARY OF SETTLEMENT AGREEMENT AND RESPONSE BY CLASS**

   **A.  The Proposed Settlement Class**

   For purposes of settlement, the parties agreed to certification of the following class

pursuant to Federal Rule of Civil Procedure 23(b)(3):

> all non-exempt current and former persons who worked for Bombay Club as
> waitstaff and bartenders between June 2, 2012 to June 2, 2015, who were not paid
> overtime wages for hours in excess of 40 hours per workweek.

Agreement at § 1.1.  The above class consists of seventeen (17)[1] individuals comprising the Rule

23 Settlement Class and who are specifically identified in Addendum A of the Settlement

Agreement. As part of the Court's Preliminary Approval Order, the Court certified this class for

settlement purposes.  Preliminary Approval Order at ¶ 3 [E.C.F. No. 15].  As discussed more

fully below, each member of the Rule 23 Settlement Class had the opportunity to "opt-in" to the

FLSA Collective Action.

   **B.  The Settlement Amount**

   Plaintiff brought his FLSA and DCMWA claims as a "collective action," and his

DCWPCL claim as a class action under Rule 23 of the Federal Rules of Civil Procedure.

Accordingly, the proposed Settlement Agreement reflects the hybrid nature of Mr. Razmyar's

claims and the different procedures governing Rule 23 class actions and FLSA/DCMWA

collective actions.[2]

---

[1]    There were originally 18 members of the Rule 23 Settlement Class. Robert Watson
requested, however, that he be excluded from the Rule 23 Settlement Class.

[2]    The proposed framework was recently approved by Judge Chasanow in the United States
District Court for the District of Maryland.  *See Edelen v. Am. Residential Servs., LLC*, Civil
Action No. DKC 11-2744, 2013 U.S. Dist. LEXIS 102373, at *5 (D. Md. July 22, 2013).

For each member of the Rule 23 Settlement Class, Defendants will pay an amount equal to one-hundred percent (100%) of the total overtime allegedly owed to each individual during the class period ("Overtime Wages Owed").  *See* Settlement Agreement at § 1.4.  Overtime Wages Owed was calculated by multiplying the number of hours of overtime each class member worked by 150% of the Class Member's hourly wage.  The following table enumerates the specific amount of Overtime Wages Owed to each member of the Rule 23 Settlement Class:

| Class Member | Overtime Wages Owed |
|---|---|
| Razmyar, Nasser | $5,779.64 |
| Herrera, Diego | $1,311.79 |
| Kaya, Mutlu | $4,415.95 |
| Kay, Brian | $  115.88 |
| Asghedom, Micael | $  300.82 |
| Basak, Tuncay | $3,420.31 |
| Teleksaw, Endreas | $3,675.33 |
| Roomi, Roland | $1,571.20 |
| Kumar, Pankaj | $  135.07 |
| Ziahgam, Amir | $  316.75 |
| Asmare, Suliana | $   47.23 |
| Dsouze, Severino | $  151.43 |
| Fernandez Callao, Leon | $1,702.47 |
| Ranasinghe, Janaka | $  493.20 |
| Atalay, Beycan | $4,414.57 |
| Loutari, Toufik | $   29.40 |
| Darry, Ahmed | $    1.11 |

In addition, each member of the Rule 23 Settlement Class had the opportunity to "opt-in" to the FLSA Collective Action pursuant to the Notice. *See* Agreement at § 2.2  ("Members of the FLSA Collective Action under the FLSA and DCMWA shall receive liquidated damages in an amount equal to the Overtime Wages Owed ("Liquidated Damages")).  For example, Nasser Razmyar will receive $5,779.64 as a member of the Rule 23 Settlement Class in addition to $5,779.64 in Liquidated Damages as a member of the FLSA Collective Action, for a total settlement amount of $11,559.28.  Six members of the Rule 23 Settlement Class "opted-in" to

6

the FLSA Collective: Nasser Razmyar, Diego Herrera, Mutlu Kaya, Brian Kay, Micael

Asghedom, and Tuncay Basak. The opt-in forms received by Class Counsel are annexed hereto

as Exhibit 1.

Importantly, prior to the commencement of this lawsuit and/or near the time of the

lawsuit, Bombay Club issued checks to several employees it had identified, based on the records

it had available at that time, as being owed overtime.  Any sums already paid to these individuals

will be appropriately deducted and/or offset any amounts owed as indicated in Addendum A to

the Settlement Agreement.   With respect to those individuals whose offset resulted in an

overpayment or a zero balance, no additional checks will be issued because the Overtime Wages

Owed has been satisfied, however, these individuals were still eligible to opt-out of the Rule 23

Settlement Class if they chose to and to opt-in to the FLSA Collective Action to recover

Liquidated Damages.

As part of the Settlement Agreement, Defendant agreed to pay attorney's fees, in total, in

the amount of forty-thousand six-hundred dollars ($40,600) which is based on a calculation of

100 hours of attorney time at $406.00 per hour.[3]  Settlement Agreement at § 6.

In addition, Defendants agreed to pay Plaintiff Nasser Razmyar an additional $500.00 as

an incentive award for his participation as class representative in the lawsuit including reviewing

pleadings, participating in mediation, reviewing discovery materials and for his agreement to not

disparage Defendants, including, but not limited to, Bombay Club, Inc. and Knightsbridge

---

[3]    The calculation and/or the basis for the attorney's fees payment is for settlement purposes only.  Nothing contained herein shall constitute a waiver from either party as to an upward or downward departure of a reasonable rate for attorney's fees in subsequent litigation against Defendants, if any.  The Parties have agreed to cap Plaintiffs' attorney's fees and costs at $40,600, in total.

Management, their owners, officers, directors and employees. *See* Settlement Agreement at §
7.1.

### C.  Dismissal and Release of Claims

In exchange for the above consideration, members of the Rule 23 Settlement Class will
release Defendants from the DCWPCL claims arising out of Defendants' alleged failure to pay
overtime wages, and other unpaid wages, to the waitstaff and bartenders at the Bombay Club.
*See* Settlement Agreement at § 5.2.  The release will not apply to any member who opted-out of
the Rule 23 Settlement Class.

Due to the "opt-in" requirement under 29 U.S.C. §216(b) of the FLSA (compared to the
"opt-out" nature of Rule 23 class actions), the parties agreed to a special procedure with regards
to the FLSA claims. *See id.* at § 3.3.  Specifically, as described in the Notice, the members of the
Rule 23 Settlement Class had the opportunity to join the FLSA Collective Action.  Members who
joined the FLSA Collective Action were required to return the opt-in form to Plaintiff's Counsel
via mail, fax, or electronic mail within thirty (30) days of the Notice Date.  As set forth in the
Notice, members who joined the FLSA Collective Action release their FLSA and DCMWA
claims (including any claims for liquidated damages) against Defendants, in addition to their
DCWPCL claims.

### D.  Settlement Checks

Defendants will be required to issue checks to members of the Rule 23 Settlement Class
and FLSA Collective Action within thirty (30) days of the Court's final approval of the
Settlement. *Id.* at § 2.2(f).  If a settlement check is not cashed within ninety (90) days, the monies
represented in those checks shall revert to and become the sole property of the Defendants. *Id.* at
§ 4.2(d).  Any checks mailed by the Defendants that are returned as "address unknown" shall be

deemed null and void and shall revert back to and become the sole property of the Defendants. *Id.* at § 4.2(c).  In the event that check is returned with "address unknown" for a member of the Rule 23 Settlement Class, a check shall be reissued by Defendant if the member provides an updated address to Plaintiff's Counsel or Defendants within 60 days of mailing of the original check that was returned.  *Id.*

Importantly, members of the Rule 23 Settlement Class are not releasing any other types of legal claims except those claims contained in the Complaint and relating to their wages while working at Bombay Club.  *Id.* at § 5.2.

### E.  Class Notices and Communications with the Settlement Class

Following the entry of the Preliminary Approval Order, Defendants sent the approved Class Notice by first-class mail to each member of the Rule 23 Settlement Class. Decl. of Heather Myrga at ¶¶ 2-3.  Pursuant to the Preliminary Approval Order, these notices were mailed within fourteen (14) days of the Preliminary Approval Order, which was March 11, 2016 ("Notice Date"). *Id.*  Class Counsel also created a Settlement Website within fourteen days of the Preliminary Approval Order, available at http://www.klaprothlaw.com/bombay-club-lawsuit/.

### 1.  Collective Action Opt-In Forms

Pursuant to the Preliminary Approval Order and approved Notice, the individuals of the Rule 23 Settlement Class had until April 11, 2016, thirty (30) days from the Notice Date, to return the Collective Action Opt-In Form. Class Counsel received opt-in forms prior to April 11, 2016 for the following individuals: Nasser Razmyar, Diego Herrera, Mutlu Kaya, Brian Kay, Micael Asghedom, and Tuncay Basak. The opt-in forms received by Class Counsel are annexed hereto as Exhibit 1.

### 2.  Objections and Exclusions

Likewise, members of the Rule 23 Settlement Class had until April 11, 2016, thirty (30) days from the Notice Date, to object to the settlement or to exclude themselves from the Rule 23 Settlement Class.  To date, there have been no objections to the proposed Settlement by the Rule 23 Settlement Class member.  One member, Robert Watson, indicated via written email his desire to be excluded from the Rule 23 Settlement Class.  Decl. of Klaproth at ¶ 10.

Class Counsel will notify the Court in the event any supplemental information with regards to objections or opt-out requests are received by Class Counsel prior to the Final Approval Hearing.

## IV.    ARGUMENT

### A.  The Court Should Certify the Proposed Rule 23 Settlement Class

As part of the Court's Preliminary Approval Order it found that the proposed Rule 23 Settlement Class satisfied each of the certification requirements of Rule 23 for purposes of Settlement. Since the Court issued the February 26, 2016 Preliminary Approval Order, no evidence has emerged to suggest that any of the Rule 23 requirements are no longer fulfilled. Thus, for the reasons discussed below, the Rule 23 Settlement Class should be granted final certification.

#### 1.  Rule 23(a) Requirements are Satisfied

In order to certify a class under Rule 23, a named plaintiff must establish that the class meets each of the four requirements of subsection (a) of the Rule which provides:

> One or more members of a class may sue or be sued as representatives parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Pursuant to the terms of the Settlement Agreement, Plaintiff moves for final certification of the Rule 23 Settlement Class under Rule 23(a). For settlement purposes, Defendants do not oppose Plaintiff's request for certification. The four requisites of Rule 23(a), as set forth below, are adequately met.

### a. Rule 23(a)(1) – "Numerosity"

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23. The core requirement of the "numerosity" element is "that joinder be impracticable." *Coleman v. Dist. of Columbia*, 306 F.R.D. 68, 76 (D.D.C. 2015). More specifically, "impracticability of joinder means only that it is difficult or inconvenient to join all class members, not that it is impossible to do so." *Id.* "[F]actors that courts consider in assessing the practicability of joinder include: (1) judicial economy arising from avoidance of a multiplicity of actions; (2) geographic dispersion of class members; (3) size of individual claims; (4) financial resources of class members; and (5) the ability of claimants to institute individual suits." *Coleman*, 306 F.R.D. at 80 (citing to Newberg on Class Actions § 3:12 (5th ed. 2014)). Application of these factors to the present case, demonstrate that joinder is impracticable thereby satisfying the numerosity element.

In *Coleman*, the court found joinder to be impracticable even though the class was less than forty members because the putative class members were "uniquely vulnerable," which rendered the claims "uniquely unsuited for individual prosecution." *Coleman*, 306 F.R.D. at 80. The court in *Coleman*, identified the characteristics of a "vulnerable" class that renders joinder impracticable to include: (1) economically disadvantaged members; (2) "poor and elderly or disabled individuals"; and (3) "lack of formal education, English skills, and knowledge of the legal system." *Id.* at 80-81 (internal citations omitted).

First, the same as in *Coleman*, here the members of the proposed Rule 23 Settlement Class are vulnerable individuals "uniquely unsuited for individual prosecution." *Id.* at 80. Specifically, the proposed Rule 23 Settlement Class is comprised solely of waiters and bartenders with lower income.   In particular, the members of the Rule 23 Settlement Class earned, exclusive of tips, $2.77 per hour.  As alleged, the class members would on some occasions work sixty (60) hours per week and received, no overtime wages for time worked in excess of forty (40) hours per week.  Compl. at ¶ 15(a)(1).

Second, members of the proposed Rule 23 Settlement Class represent a unique demographic that is unlikely to individually prosecute their claims, because: several of the class members still work for Defendants; in the restaurant industry there exists a fear of being blacklisted for maintaining a suit such as this one; and that at least some of the putative class members may have personal reasons for being hesitant to initiate proceedings in federal court.

Third, as in *Coleman*, the "putative class seeks damages that flow from the resolution of a single question." *Coleman*, 306 F.R.D. at 82; *see also Gaspar v. Linvatec Corp.,* 167 F.R.D. 51, 56 (N.D. Ill. 1996) (certifying a class of 18 members because the "damages from the resolution of a single questions").   Specifically, the members of the Rule 23 Settlement Class all were denied their Overtime Wages Owed.  Plaintiff's counsel has reviewed payroll records for each member of the putative class and was able to determine the amount of Overtime Wages Owed to a reasonable degree of certainty for each member.  "Judicial economy…strongly favor[s] addressing" all class members' damages at once.  *Id.*

Finally, and most importantly, the unpaid overtime wage violations occurred over at least a three-year period.  Not once during that time-period did any waiter or bartender bring a lawsuit to enforce their rights under the FLSA and/or DCMWA.  This demonstrates members of the Rule

12

23 Settlement Class' likely lack of knowledge of the legal system and/or inability to pursue their individual claims.  The purpose of Rule 23 is satisfied in certifying the proposed Rule 23 Settlement Class:

> Rule 23, in permitting the aggregation of claims, embodies a principle of protection for weaker plaintiffs. In keeping with this principle, courts recognize that joinder is significantly more difficult when class members are . . . economically disadvantaged, making individual suits difficult to pursue.  In such situations, a putative class action may present an example of the 'economic reality that petitioner's suit must proceed as a class action or not at all."

*Coleman*, 306 F.R.D. at 80.  This case here demonstrates the economic reality that Plaintiff's lawsuit must proceed as a class action.  If not certified as a class action, the low-wage, disadvantaged members of the proposed Rule 23 Settlement Class may not have the ability to prosecute their individual claims.

Accordingly, joinder is impracticable because the seventeen (17) members of the Rule 23 Settlement Class are uniquely vulnerable and the putative class seeks damages that "from the resolution of a single question."

### b.   Rule 23(a)(2) – "Commonality"

The Rule 23 Settlement Class satisfies the commonality requirement. *See generally Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550-2551 (2011). Rule 23(a)(2) requires that there be "questions of law or fact common to the class," meaning that the claims of the class members "depend upon a common contention of such a nature that it is capable of class wide resolution— which mean that the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 131 S. Ct. at 2545.. "The commonality test is met when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members, such that factual variations among the class members will not defeat the commonality requirement, so long as a single aspect or feature of

the claim is common to all proposed class members." *Alvarez v. Keystone Plus Constr. Corp.,*
303 F.R.D. 152, 160-61 (D.D.C. 2014).

Here, nearly all of the key questions of law and fact relevant to each putative class
member are identical.  These include the basic questions regarding each class members potential
claim, such as: (1) whether the putative class member worked at the Bombay Club between June
2, 2012 through June 2, 2015; (2) whether the putative class member worked more than 40 hours
in any one work week; and (3) whether the putative class member was "non-exempt" thereby
entitling them to 1.5 times their regular pay rate for overtime hours.  The same as in *Alvarez,*
"[t]he only difference between putative class members is the number of relevant overtime hours
worked and the wages that are therefore owed."  *Alvarez,* 303 F.R.D. at 162.  Because the
members of the Rule 23 Settlement Class all share a common claim for unpaid overtime, the
"commonality" element is satisfied.

### c.  Rule 23(a)(3) – "Typicality"

The typicality requirement is met.  Rule 23(a)(3) requires that a representative plaintiff's
claims be "typical" of those of other class members. Fed. R. Civ. P. 23.  While "typicality" often
overlaps with the "commonality" inquiry, the inquiries do differ.  *Alvarez,* 303 F.R.D. at 161.
Whereas "the commonality inquiry focuses on what characteristics are shared among the whole
class while the typicality inquiry focuses on the desired attributes of the class representative."
*Id.*  Nonetheless, "typicality" "is satisfied if each class member's claim arises from the same
course of events that led to the claims of the representative parties and each class member makes
similar legal arguments to prove the defendant's liability."  *Id.*

Here, Mr. Razmyar's claims are typical of those of the class as a whole.   Indeed, Mr.
Razmyar's alleged injuries were caused by the same exact conduct as the alleged injury to entire

Rule 23 Settlement Class; that is, Defendants' failure to pay the waitstaff and bartenders at the Bombay Club, the overtime to which they were entitled by law.

### d.  Rule 23(a)(4) – "Adequacy"

The final requirement of Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23.  "The adequacy requirement is satisfied upon a showing that (1) there is no conflict of interest between the proposed class representative and other members of the class, and (2) the proposed class representative will vigorously prosecute the interests of the class through qualified counsel." *Alvarez,* 303 F.R.D. at 161.

Pursuant to the Settlement Agreement, the named plaintiff, Mr. Razmyar, is to be paid according to the exact same formula as the other members of the Rule 23 Settlement Class. Specifically, all members of the Rule 23 Settlement, including Mr. Razmyar, are to be paid the amount of Overtime Wages Owed.   Similarly, all members of the FLSA Collective Action, including Mr. Razmyar, will receive liquidated damages in the amount of Overtime Wages Owed.  Plaintiff has demonstrated his allegiance and commitment to this litigation by reviewing the pleadings, participating in mediation, reviewing discovery produced by Defendants, and negotiating in good faith on behalf of the Rule 23 Settlement Class. Plaintiff's interests are perfectly aligned with the interests of the absent Class Members, thereby meeting the first adequacy prong.

In addition, as discussed more fully in Plaintiff's Motion for Preliminary Approval, Plaintiff's Counsel is qualified, experienced, and competent in complex litigation. *See* Motion for Preliminary Approval [E.C.F. No. 14-1]; *see also* Klaproth Decl. at 19..  Thus, the second adequacy requirement is met, and Rule23(a)(4) is satisfied.

### 2. The Rule 23 Settlement Satisfies Rule 23(b)(3)

Having demonstrated that each of the mandatory requirements of Rule 23(a) are met for settlement purposes, Plaintiff now turns to consideration of the factors that further justify class treatment of this action under Rule 23(b)(3) – predominance and superiority. Under Rule 23(b)(3), a class action should be certified when the court finds that common questions of law or fact predominate over individual issues and a class action would be superior to other methods of resolving the controversy. Fed. R. Civ. P. 23(b)(3). Predominance "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 594, 623 (1997). "The purpose of the superiority requirement is to ensure that resolution by class action will achieve economies of time, effort, and expense as well as promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable consequences." *Alvarez v. Keystone Plus Constr. Corp.,* 303 F.R.D. 152, 162 (D.D.C. 2014) (internal quotations omitted).

First, common questions of law and fact readily predominate. When common issues present a significant aspect of the case, and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative basis rather than on an individual basis. *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund, et al. v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001), *cert. denied*, 534 U.S. 973 (2001). The claims of the members of the Rule 23 Settlement Class arise out of Defendants' alleged failure to pay the bartenders and waitstaff overtime for hours worked in excess of forty (40) hours per week.   Plaintiff satisfies Rule 23(b)(3)'s predominance requirement because all Class Members share a common set of core, predominant facts, including, *inter alia*:

- Members of the Rule 23 Settlement Class were subjected to standardized payroll and timekeeping practices; and

- Defendant Bombay Club's time records and overtime policies and procedures were uniform.

All members of the Rule 23 Settlement Class were allegedly injured in the same way by the same course of conduct by Defendant, thus, satisfying the predominance requirement. *In re APA Assesment Fee Litig.*, 311 F.R.D. 8, 18 (D.D.C. 2015) (holding that predominance satisfied where class members "were allegedly injured in the same way by the same course of conduct").

Second, certification of the Rule 23 Settlement Class, in the context of settlement, is also "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23. "[A] class action is the superior mechanism to other types of litigation…[when] many individuals have small claims, and otherwise would not be incentivized to pursue them. *Alvarez*, 303 F.R.D. at 162 (D.D.C. 2014). "[T]he predominance requirement, ensures that resolution by class action will 'achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable consequences.'" *In re APA Assesment Fee Litig*, 311 F.R.D. at 18 (citing to *Amchem*, 521 U.S. at 615). Here, the claims are small enough that most potential class members likely would not consider it worthwhile to pursue them outside the class action context. For example, Toufik Loutari is owed $29.40 of overtime wages and Suliana Asmare is owed $47.23. Absent a class action, their individual claims are not worth prosecuting from an economic, cost-benefit perspective.

Requiring the class members to file individual lawsuits would needlessly waste judicial resources in the event of litigation because each lawsuit would likely involve the same evidence concerning Defendants' alleged conduct. Thus, resolving the class members' in a single, consolidated settlement proceeding is far superior to individual adjudication of their claims.

Indeed, the Settlement Agreement provides the members of the Rule 23 Settlement Class with an ability to obtain prompt, predictable, and certain relief that is close, if not the same as what the member could receive if he or she proceeded on an individual basis.  Whereas individualized litigation carries with it great uncertainty, risk, and costs, and provides no guarantee that any injured Rule 23 Settlement Class Member will obtain necessary and timely relief at the conclusion of the litigation process. The proposed Settlement would also relieve judicial burdens that would be caused by adjudication of the same issues. Further, strictly for settlement purpose only, Defendants do not oppose Rule 23 class certification of the Settlement Class.

### B. The Court Should Certify the Proposed Collective Action for Settlement Purposes

Under the FLSA, a plaintiff may bring a "collective action" on behalf of "other employees similarly situated."  29 U.S.C. § 216(b).  The FLSA collective action certification process involves two steps:

> First, "plaintiffs must make a 'modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law. Such a showing, as an initial matter, satisfies the FLSA requirement that putative class members be similarly situated to the plaintiff.  Second, defendants may move at the close of discovery to decertify the conditional class if the record establishes that the plaintiffs are not, in fact, similarly situated.

*Encinas v. J.J. Drywall Corp.,* 265 F.R.D. 3, 6 (D.D.C. 2010).   When parties agree to settle a "FLSA dispute on behalf of a class of similarly situated employees, 'some final class certification' determination must be made 'before approving a collective action settlement.'" *Edelen v. Am. Residential Servs., LLC*, 2013 U.S. Dist. LEXIS 102373, at *10 (D. Md. July 22, 2013).   The factors a court shall consider for a final FLSA certification include: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to [the] defendant which appear to be individual to each plaintiff; and (3) fairness and

18

procedural considerations." *Id*.  Because the FLSA certification analysis "largely overlaps with class certification analysis under Federal Rule of Civil Procedure 23(a), these factors need only be addressed in passing." *Id.* at *11.

In its Preliminary Approval Order, "the Court certifie[d] the FLSA Collective Action for purposes of settlement under 29 U.S.C. § 216(b).  *See* Preliminary Approval Order at ¶ 4(a). The Court further found that the "members of the FLSA Collective Action are similarly situated to the Plaintiff Nass Razmyar," and that "the proposed Settlement to resolve Plaintiff's FLSA claims and DCMW [claims] is a fair, efficient, and cost-effective means of resolve the common issue, overtime wages owed, of the members of the FLSA Collective Action." Preliminary Approval Order at ¶ 4(b)-(c).  Since the Court's Preliminary Approval Order, no evidence has developed that would warrant decertification of the FLSA Collective Action. Similarly, the Defendants do not oppose the certification of the FLSA Collective Action for settlement purposes. Accordingly, Defendants do not intend to make any efforts to decertify the FLSA Collective Action.  Thus, final certification under 29 U.S.C. § 216(b) is appropriate.

**C.  Final Approval of the Settlement Agreement is Warranted Under Rule 23(e)**

Plaintiff presents this Settlement to the Court for its review under Fed. R. Civ. P. 23(e), which provides in pertinent part that the Court must approve any class action settlement following a hearing, directing notice in reasonable manner to class members and finding that the settlement is "fair, reasonable and adequate." *See* Fed. R. Civ. P. 23(e). In determining whether the proposed settlement is "'fair, reasonable, and adequate,' a court must 'eschew any rubber stamp approval,' but also must 'stop short of the detailed and thorough investigation that it would undertake if it were actually trying the case.'" *Alvarez v. Keystone Plus Constr. Corp.*, 303 F.R.D. 152, 160 (D.D.C. 2014).   "In addition, there is a long-standing judicial attitude

favoring class action settlements, and the Court's discretion is constrained by the 'principle of preference' favoring and encouraging settlement in appropriate cases." *Id.* (citing to *Cohen v. Warner Chilcott Pub. Ltd. Co.,* 522 F. Supp. 2d 105, 114 (D.D.C. 2007)).

"There is no single test in this Circuit for determining whether a proposed class action settlement should be approved…however, court have examined the following factors: (a) whether the settlement is the result of arm's-length negotiations; (b) the terms of the settlement in relation to the strengths of plaintiffs' case; (c) the status of the litigation proceedings at the time of settlement; (d) the reaction of the class; and (e) the opinion of experienced counsel." *In re APA Assesment Fee Litig.,* 311 F.R.D. at 19. Here, these factors demonstrate that the Settlement Agreement is fair, reasonable, and adequate, and should therefore be approved.

### 1. The Settlement was Negotiated at Arm's Length

"A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Id.* (citing to *Meijer, Inc. v. Warner Chilcott Holdings Co. III, Ltd.,* 565 F. Supp. 2d 49, 55 (D.D.C. 2008)). On June 26, 2015, the Parties filed a joint motion requesting the Court to stay the case and to refer the case to Magistrate Judge Kay for mediation. *See* Joint Motion to Stay and Referral to Magistrate [E.C.F. No. 8]. On July 31, 2015, the Parties mediated the case before Magistrate Judge Kay. Over the course of the next six months, the Parties engaged in extensive settlement negotiations, which was informed by robust informal discovery. Decl. of Klaproth at ¶ 6. Indeed, the Parties exchanged over five-hundred pages of payroll data and affidavits. The settlement negotiations required rigorous analysis of the payroll records, several in-person meetings between counsel and the parties, and several follow-up telephone conversations with Judge Kay. Decl. of Klaproth at ¶ 6.

On December 29, 2015, the parties reached an agreement in principle. Jt. Mot. (Dec. 29, 2015) [E.C.F. No. 12]. The Parties then spent approximately two more months memorializing the Settlement Agreement in writing. Ultimately, the Settlement Agreement was the product of an adversarial negotiation that endured during the majority of this litigation.

### 2. The Settlement Terms Are Fair in Relation to the Strength of Plaintiff's Case

"The Court must evaluate the relief provided in the proposed settlement against the relative strength of the plaintiffs' case, including their ability to obtain recovery at trial." *In re APA Assesment Fee Litig*., 311 F.R.D. at 19.

Here, if this case were to proceed, Defendants would oppose class certification, seek to disaggregate the claims of the members of the FLSA collective action, and then attempt to "pick-off" each Plaintiff to moot their claims under *Genesis HealthCare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013). Should this happen, the Plaintiffs would lose their ability to vindicate their claims in this Court. In addition, Mr. Razmyar would lose his ability to bring the claims on behalf of those members of the Rule 23 Settlement Class who have demonstrated an inability to pursue their individual claims in relation to an underpayment of overtime wages over a three-year period. In addition, Defendants would likely argue that the alleged wage violations were not willful, and thus, liquidated damages not recoverable under 29 U.S.C. § 260. Moreover, the proposed settlement permits each member to join the FLSA Collective Action Class, which provides a total recovery of double the amount of Overtime Wages Owed. Specifically, if this case were to proceed to trial and the Plaintiff were to prevail on his individual, FLSA and DCMWA claims, and the claims for those similarly situated, the maximum recovery for the FLSA Collective Action, absent a showing of bad faith by Defendants, would be no greater than proposed by the terms of this Settlement Agreement (*e.g.* recovery of liquidated damages in the

amount of the Overtime Wages Owed).  *See* D.C. Code § 32-1012.  The settlement also takes

into account the uncertainty and risks inherent in any litigation, especially in complex cases like

this lawsuit.

Given the potential roadblocks, the Settlement terms are fair given that members of the

Rule 23 Settlement Class will receive 100% of the Overtime Wages Owed, and that members of

the FLSA Collective Action will receive 200% of the Overtime Wages Owed.

### 3.   Settlement Is Appropriate at this Stage of the Litigation

"In evaluating this factor, courts generally 'consider whether counsel had sufficient

information, through adequate discovery, to reasonably assess the risks of litigation vis-a-vis the

probability of success and range of recovery.'" *Alvarez*, 303 F.R.D. at 164.  Here, the Parties

have exchanged significant informal discovery, included the exchange of employee time-sheets,

Micros payroll data, pay stubs, and affidavits. Decl. of Klaproth at ¶ 6.  Specifically, Defendants

produced roughly 500 pages of payroll data. Plaintiff was able to cross-reference the employer

data provided with the documents in the possession of Plaintiff.  Plaintiff's counsel was also

provided the ability to meet with a corporate representative from Defendants to question him on

the documents provided.  Decl. of Klaproth at ¶ 6. Given the extensive negotiations and

exchange of informal discovery, settlement comes "at a desirable point in the litigation for the

parties to reach an agreement and to resolve these issues without further delay, expense, and

litigation." *In re Vitamins Antitrst Litig.*, 305 F. Supp. 2d 100, 105 (D.D.C. 2004).

### 4.   The Class Reacted Positively to the Settlement

The reaction by the Rule 23 Settlement Class was overwhelmingly positive.  Five of the

potential eighteen Rule 23 Settlement Class member "opted-in" to the FLSA Collective Action.

*See In re APA Assesment Fee Litig.*, 311 F.R.D. at 21 (discussing that class actions typically

have low response rate to class notice; but finding that a 29% participation rate is high).

Moreover, only one individual chose to exclude himself from the Rule 23 Settlement Class, and

no member objected to the terms of the Settlement Agreement. Klaproth Decl. at 10. The

positive reaction by the Rule 23 Settlement Class warrants approval of the Settlement

Agreement.

### 5.   The Opinion of Experienced Counsel

"Finally, it is well established that the opinion of experienced counsel 'should be afforded

substantial consideration by a court in evaluating the reasonableness of a proposed settlement.'"

*Alvarez*,  303 F.R.D. at 164.  Class Counsel believes the settlement is fair and reasonable, and

should be approved.  Decl. of Klaproth at ¶ 3. At this stage of the litigation, neither Party would

benefit from the prolonging of litigation. *Id.* Certainly, the increased attorney's fees and costs

associated with prolonged litigation diminishes the ability of Defendants to compensate the class

members for their Overtime Wages Owed and liquidated damages. *Id.*

### D. Class Counsel's Recovery of $40,600 in Attorney's Fees Should be Approved Under Rule 23(h)

Upon motion by a party, "in a certified class action, the court may award reasonable

attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."

Fed. R. Civ. P. 23(h).  Here, attorney's fees are authorized by law and the Settlement Agreement.

Specifically, an award of attorney's fees is authorized by the FLSA, DCMWA, and DCWPCL.

*See* 29 U.S.C. 216(b) (FLSA); *see* D.C. Code §§ 32-1308(a)(1),(b)(1) (DCMWA and

DCWPCL).  In addition, the Settlement Agreement provides that Defendants shall pay Class

Counsel attorney's fees in the amount of "forty-thousand and four hundred and six dollars

($40,600)."  Settlement Agreement at § 6.1 [E.C.F. No. 14-2]. The Settlement Agreement further

provides that the "attorneys' fees calculation is based on 100 hours of attorney time at $406.00 per hour." *Id.*

This attorney fee award is reasonable in light of the time incurred on this matter, the risks involved, the experience of Class Counsel, and, most importantly, the excellent outcome achieved for the Rule 23 Settlement Class and FLSA Collective Action.

### 1. The Attorney's Fee Request is Reasonable and Fair Relative to Class Counsel's Lodestar

This Circuit has "developed a three-part analysis to assess appropriate fee awards under fee-shifting statutes in cases involving complex federal litigation. A court must: (1) determine the 'number of hours reasonably expended in litigation'; (2) set the 'reasonable hourly rate'; and (3) use multipliers as 'warranted.'" *Salazar v. District of Columbia,* 809 F.3d 58, 61 (D.C. Cir. 2015). The purpose of this fee-shifting analysis, often referred to as the *Lodestar*, "is to 'provide an adequate economic incentive for private attorneys to take employment discrimination cases, and thereby to ensure that plaintiffs would be able to obtain competent legal representation for the prosecution of legitimate claims.'" *Driscoll v. George Wash. Univ.,* 55 F. Supp. 3d 106, 112 (D.D.C. 2014) (citing to *Laffey v. Nw. Airlines, Inc.*, 746 F.2d 4, 11 (D.C. Cir. 1984)). Although not the case here, it is not required that the financial recovery be proportional to the award of attorney's fees. *Id.* at 114 ("The whole purpose of fee-shifting statutes is to generate attorneys' fees that are disproportionate to the plaintiff's recovery."); *see also Williams v. First Gov't Mortgage & Investors Corp*., 225 F.3d 738, 747 (D.C. Cir. 2000) (affirming an award of almost $200,000 on recovery of $8,400 recovery in District of Columbia Consumer Protection and Procedures Act case); *In re InPhonic, Inc.,* 674 F. Supp. 2d 273, 281 (D.D.C. 2009) (awarding $483,753.37 in fees and costs on a $39,000 settlement in DCCPPA case). In the present case, the number of hours and the hourly rate comprising the attorney fee request are both reasonable.

Pursuant to the Settlement Agreement, Class Counsel is requesting the Court approve a reasonable attorney fee based on 100 hours of time spent on this matter. Settlement Agreement at § 6.1. In actuality, Class Counsel expended 208.3 hours prosecuting this case, which included rigorous review and analysis of the payroll data provide by Defendants. Decl. of Klaproth at ¶¶ 6, 14.  These time records were contemporaneously maintained.  *Id.* at ¶ 15. Part of reaching a Settlement in this case, required Class Counsel to prepare spreadsheets mapping every hour worked over a three-year period for each member of the Rule 23 Settlement Class. *Id.* at ¶ 6. The work performed by Class Counsel also included month-long negotiations with Defendants to secure the favorable settlement for the Rule 23 Settlement Class and FLSA Collective Action. *Id.* Moreover, Class Counsel will continue to work towards fully implementing the Settlement, by responding to the inquiries by the Rule 23 Settlement Class members and ensuring the proper administration of the Settlement with respect to payments to class members. *Id.* at ¶ 14.  Class Counsel agreed to significantly curtail the amount of the request for attorney's fees in order to obtain a favorable settlement for the Rule 23 Settlement Class and Collective Action.  *Id.* at ¶ 18. In light of the significant time expended by Class Counsel, an attorney fee award consisting of 100 hours is very reasonable and fair.

Similarly, pursuant to the Settlement Agreement, Class Counsel is requesting an attorney fee reward based on the reasonable hourly rate of $406 per hour. This rate of $406 per hour, which was agreed to by Defendants for the purposes of settlement only, is the prevailing market rate established the Legal Service Index update to the Laffey Matrix ("LSI-Laffey Matrix").[4] Application of the LSI-Laffey Matrix is required by statute for cases brought under the DCMWA and DCWPL. Specifically, the DCMWA and DCWPL provides, the "court shall award to each

---

[4]      The LSI-Laffey Matrix is available at http://www.laffeymatrix.com/see.html

attorney for the employee an additional judgment for costs, including attorney's fees computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services. The court shall use the rates in effect at the time the determination is made." D.C. Code § 32-1308; *see also Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000)(approving the use of the LSI-Laffey Matrix). The use of the LSI-Laffey Matrix was also recently affirmed by this Circuit.  *See Salazar v. District of Columbia,* 809 F.3d 58 (D.C. Cir. 2015).  Pursuant to the LSI-Laffey Matrix, the prevailing market rate for Class Counsel, who has six years of experience, is $406 per hour.[5]

> **2. Experience of Class Counsel in Complex Litigation, The Risks Involved in the Litigation, and the Successful Outcome for the Class Warrant Approval of the Requested Attorney Fee**

In addition, the requested attorney fee award is further warranted by the significant experience by Class Counsel in handling complex litigation. Decl. of Klaproth at ¶ 20 (identifying pending class action lawsuits and complex litigation matters pending in this Court). Similarly, the risk incurred by Class Counsel in a novel area of law warrants approval of the requested attorney's fees.  *Id.* at ¶ 16. Class Counsel undertook to represent Plaintiff in a still developing area of the law and took on the substantial risk. This is particularly true, because the DCWPCL has been significantly revised on several occasions over the past few years. Class Counsel undertook to represent Plaintiff fully aware of the substantial risk that Class Counsel may not be compensated at all if Plaintiff did not prevail on his claims.

---

[5]     This hourly rate is particularly appropriate given the significant amount of time (108.3 hours) that Class Counsel is not receiving any compensation.

26

Importantly, the attorney's fee award was also included in the Notice approved by the Court, which stated:

> As part of the settlement, Defendants agreed to pay Class Counsel $40,600.00 in attorney's fees. This is only a portion of the attorneys' fees and costs spent pursuing the claims raised in this lawsuit. Class Counsel agreed to significantly curtail his request for attorneys' fees in order to settle the case. Defendants are making this payment directly to Class Counsel; it does not come out of your share of the settlement amount. This payment will also be subject to Court approval.

Notice at ¶ 6 [E.C.F. No. 14-3].  No member of the Rule 23 Settlement Class objected to the requested attorney fee award. Decl. of Klaproth at ¶ 11. Moreover, Class Counsel is not requesting reimbursement of the costs involved in pursuing this litigation. *Id.* at ¶ 21.

Finally, Class Counsel's efforts produced an excellent result which will greatly benefit the members of the Rule 23 Settlement Class and FLSA Collective Action. The Settlement Agreement provides for a monetary payment of one-hundred percent of all Overtime Wages Owed to the Rule 23 Settlement Class and two-hundred percent of all Overtime Wages Owed to the FLSA Collective Action.  Given the novel nature of the claims pursued, the legal uncertainties facing Class Counsel, the highly qualified counterparts on the defense side, the significant time expended on this matter, and most importantly, the excellent results achieved, the requested attorney's fee are reasonable and fair. Thus, the Court should approve the attorney fee award requested in the Settlement Agreement in the amount of $40,600.00.

### E.  The Incentive Award to the Named Plaintiff Should Be Approved

 "[C]ourts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Trombley v. Nat'l City Bank*, 826 F. Supp. 2d 179, 207 (D.D.C. 2011) (internal citations omitted).  The factors courts consider in granting incentive awards include, "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has

27

benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Id.* Here, the Settlement Agreement provides that the named Plaintiff, Nasser Razmyar, will receive an incentive award in the amount of $500.00 "for his participation as class representative in the Lawsuit including reviewing pleadings, participating in mediation and reviewing discovery materials." Settlement Agreement at § 7.1.  Mr. Razmyar has been an integral part in the prosecution of this class action. Decl. of Klaproth at ¶¶ 22-25. Mr. Razmyar has expended substantial time and resources reviewing discovery materials and negotiating on behalf of the members of the Rule 23 Settlement Class.  *Id.* The incentive award for Mr. Razmyar is relatively modest in this Circuit. *Trombley*, 826 F. Supp. 2d. at 207 (approving $5,000 incentive award for participating in "many phone calls" among other things). In addition, the incentive award for Mr. Razmyar does not prejudice any class member as it is being paid in addition to the Overtime Amounts Owed and liquidated damages. Thus, it is appropriate for the Court to grant the Plaintiff's request for an incentive award of $500 pursuant to the Settlement Agreement.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion in its entirety and enter the accompanying proposed Final Approval Order.

Date:   May 10, 2016

Respectfully submitted,

_____/s/Brendan J. Klaproth_____
Brendan J. Klaproth (D.C. Bar No. 999360)
Klaproth Law PLLC
406 5th Street NW, Suite 350
Washington, DC 20001
Tel:   (202) 618-2344
Fax:  (202) 618-4636
Email: bklaproth@klaprothlaw.com

28

*Attorney for Plaintiff*