**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NASSER RAZMYAR, individually and on
behalf of others similarly situated,

Plaintiff.

v.

BOMBAY CLUB, INC et al.,

Defendants.

**FILED**

**JUN 1 3 2016**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Civil Action No.:  1:15-cv-807-ABJ

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF**
**CLASS ACTION SETTLEMENT, AWARD OF ATTORNEY'S FEES, AND APPROVAL**
**OF AN INCENTIVE AWARD FOR PLAINTIF**

On February 26, 2016, this Court entered an order granting preliminary approval of the

proposed class action settlement (E.C.F. No. 15) as set forth in the Settlement Agreement

(E.C.F. No. 14-2) ("Settlement Agreement") between Plaintiff, on behalf of himself, the Rule

23 Settlement Class,[1] and the FLSA Collective Action, and Defendants Bombay Club, Inc.

("Bombay Club") and Defendant Knightsbridge, Inc. ("Knightsbridge"). The Court preliminary

certified the Rule 23 Settlement Class and the FLSA Collective Action for settlement purposes,

set forth the procedure for giving Class Notice to the members of the Rule 23 Settlement Class

and the FLSA Collective Action, and set a Final Approval Hearing to take place on June 13,

2016 at 9:30 AM.[2]

---

[1]      Unless otherwise defined, capitalized terms in this Order have the definitions set forth in
the Settlement Agreement.

[2]      The Final Approval Hearing was originally schedule for June 15, 2016 at 10:00 AM, but
was rescheduled to June 13, 2016. *See* Order (May 2, 2016) (rescheduling Final Approval
Hearing from June 15, 2016 to June 13, 2016 at 9:30 a.m.).

Subsequently, on June 13, 2016, the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing this Action on the merits and with prejudice in favor of the Defendants and against all persons who are members of the Rule 23 Settlement Class who have not opted out and all members of the FLSA Collective Action; and (3) the amount to award Class Counsel as attorney's fees and the amount to award a Plaintiff with an Incentive Award.

Upon consideration of the Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, Award of Attorney's Fees, and Approval of Incentive Award for Plaintiff, and representations made by the Parties at the Final Approval Hearing, it is, this _13th_ day of _June_, 2016, hereby **ORDERED THAT**:

1.      The Court has personal jurisdiction over the Parties and the Rule 23 Settlement Class and FLSA Collective Action, venue is proper, the Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and the Court has jurisdiction to enter this Final Approval Order and Judgment.

**FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION**

2.      Adequate Notice was given to the Rule 23 Settlement Class and the FLSA Collective Action in compliance with the Settlement Agreement and the Preliminary Approval Order.

3.      The Settlement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this Action, and of the strengths and weaknesses of their respective positions. The Settlement was reached after the Parties had engaged in mediation and extensive negotiations. Counsel for the Parties were therefore well positioned to

evaluate the benefits of the Settlement, taking into account the expense, risk and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

4.      The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b) have been satisfied for settlement purposes in that: (a) the number of Rule 23 Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Rule 23 Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Rule 23 Settlement Class they seek to represent; (d) Plaintiff has and will continue to fairly and adequately represent the interests of the Rule 23 Settlement Class for purposes of the Settlement; (e) the questions of law and fact common to the Rule 23 Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Rule 23 Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Rule 23 Settlement Class, which shall consist of: all non-exempt current and former persons who worked for Bombay Club as waitstaff and bartenders between June 2, 2012 to June 2, 2015, who were not paid overtime wages for hours in excess of 40 hours per workweek.

6.      The Court finds that the prerequisites for a collective action under 29 U.S.C. 216(b) have been satisfied for settlement purposes in that: (1) the members of the FLSA Collective Action are similarly situated to the Plaintiff Nasser Razmyar; and (2) the proposed Settlement to resolve Plaintiff's FLSA claims is a reasonable and fair compromise of a *bona fide* dispute between the parties under the Fair Labor Standards Act, and is a fair and reasonable means of resolving the common issue, overtime wages owed, of the members of the

FLSA Collective Action. Accordingly, the Court certifies the FLSA Collective Action under 29 U.S.C. § 216(b), which shall consist of: all non-exempt current and former persons who worked for Bombay Club as waitstaff and/or bartenders between June 2, 2012 to June 2, 2015, who were not paid overtime wages for hours in excess of 40 hours per workweek and opt-in to the collective action. The Court finds that the following members opted-in to the FLSA Collective Action: Nasser Razmyar, Diego Herrera, Mutlu Kaya, Brian Kay, Micael Asghedom, and Tuncay Basak. These members of the FLSA Collective Action shall receive liquidated damages in the amounts indicated in Addendum B to the Settlement Agreement.

7.      The Court finds that the Class Notice and the Settlement Website, as provided for in the Settlement Agreement and the Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances to persons in the Rule 23 Settlement Class and FLSA Collective Action; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the Settlement, their right to object or to exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and (d) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

8.      Class Counsel has filed with the Court a declaration from Heather Myrga, Legal Assistant to Defense counsel, Alderman, Devorsetz & Hora PLLC, establishing that the Mailed Notice was mailed to the members Rule 23 Settlement Class and FLSA Collective Action on March 9, 2016. Persons who wished to be excluded from the Rule 23 Settlement Class were provided an opportunity to request exclusion as described in the Notice. The Court finds Robert Watson was the only individual who sought exclusion from the Rule 23 Settlement Class.

9.      The Court finds that there have been no timely objections to the Settlement Agreement.

10.      Class Members who did not timely file and serve an objection in writing to the Settlement Agreement, to the entry of this Final Approval Order and Judgment, or to Class Counsel's application for fees, costs, and expenses, in accordance with the procedure set forth in the Mailed Notice and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.  The Settlement is finally approved as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate as to, and in the best interests of, the Settlement Class Members. The Court hereby enters judgment approving and adopting the Settlement and the Settlement Agreement, fully and finally terminating all claims of the Rule 23 Settlement Class and FLSA Collective Action asserted in the Complaint in this case against Defendants, on the merits and with prejudice.

**ATTORNEY'S FEES AND INCENTIVE AWARD**

11.      Class Counsel are hereby awarded attorney's fees in the amount of $ 40,600.00 to be paid by Defendants.  The Court find finds that the amount of fees awarded is appropriate, fair, and reasonable given the substantial risks of non-recovery, the time and effort involved, and the result obtained for the Rule 23 Settlement Class and FLSA Collective Action.

12.      Named Plaintiff Nasser Razmyar is awarded $ 500.00 as an Incentive Award to be paid by Defendants in recognition of his contributions to this Action.

**DISMISSAL OF CASE**

13.     The Parties are hereby directed to implement and consummate the Settlement according to its terms and provisions, as modified by the Orders of this Court.

14.     Pursuant to Sections 1, 2, and 4 of the Settlement Agreement, Defendants shall disburse all payments owed to members of the Rule 23 Settlement Class and the FLSA Collective Action within thirty (30) days of this Final Approval Order.

15.     The Releases, which are set forth in Section 5 of the Settlement Agreement and are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order and Judgment.

16.     This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against the Plaintiff and all other Rule 23 Settlement Class Members and FLSA Collective Action. Without in any way affecting the finality of this Final Approval Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order and Judgment, including, but not limited to, enforcement of the Releases contained in the Settlement Agreement and entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement.

**SO ORDERED.**

_____
HON. JUDGE AMY BERMAN JACKSON
United States District Judge